**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NERY ARMANDO SAGASTUME-DIAZ, | : | Civil No. 1:26-CV-01239 |
| Petitioner, | : | |
| v. | : | |
| ATTORNEY GENERAL OF THE UNITED STATES, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Nery Armando Sagastume-Diaz ("Sagastume-Diaz"). (Doc. 1.) Sagastume-Diaz argues that he is being wrongfully detained in violation of 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). For the reasons that follow, the court will deny Sagastume-Diaz's petition.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Sagastume-Diaz is a native and citizen of Guatemala. (Doc. 6-3, p. 4.)[1] He entered the United States in July 2006 at an unknown location in Texas. (*Id.* at 6.) On July 2, 2012, Sagastume-Diaz was ordered removed by an immigration judge, and on July 19, 2012, he was removed to Guatemala. (*Id.*)

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

On September 7, 2024, Sagastume-Diaz was stopped for speeding and a records check revealed an active bench warrant for failure to appear on a DUI charge in Lehigh County, Pennsylvania. (*Id.*) He was arrested and transferred to Lehigh County Prison for the DUI warrant. (*Id.*) On September 9, 2024, Sagastume-Diaz was transferred to Pike County Correctional Facility on an Immigration and Customs Enforcement ("ICE") detainer. (*Id.*) Sagastume-Diaz was determined to be removable under 8 U.S.C. §1362 because he is a non-citizen who re-entered after deportation. (*Id.* at 5.)

Sagastume-Diaz's immigration proceedings evolved since his prior removal. On October 10, 2024, his prior order of removal to Guatemala was vacated and he was placed into withholding only proceedings. (Doc. 6-5) On April 30, 2025, Sagastume-Diaz was granted withholding of removal to Guatemala under the Convention Against Torture. (Doc. 6-6.) On June 24, 2025, ICE issued a warrant of removal/deportation. (Doc. 6-7.) On July 16, 2025, a notice of removal to Mexico was issued. (Doc. 6-8.) On July 23, 2025, Sagastume-Diaz claimed a fear of return to Mexico, a reasonable fear interview was conducted, and a negative reasonable fear determination was issued on August 11, 2025. (Doc. 6-2, p. 3.) Sagastume-Diaz did not request review of this determination by an immigration judge. (*Id.*)

On September 25, 2025, Sagastume-Diaz filed a counseled petition for review with the Ninth Circuit Court of Appeals. (*Id.*) On November 12, 2025, Sagastume-Diaz withdraw the petition for review and the automatic stay of his removal expired. (*Id.*) Sagastume-Diaz remains on the list to be removed to Mexico. (*Id.*)

On May 8, 2026, Sagastume-Diaz filed a petition for writ of habeas corpus requesting release from detention against multiple individuals, including Jessica Sage, Warden of FCI Lewisburg ("Respondents").[2] (Doc. 1.) Respondents filed a response on May 22, 2026, and Sagastume-Diaz filed a traverse on June 1, 2026. (Docs. 6, 8.) Thus, this petition is ripe for review.

## STANDARD OF REVIEW AND JURISDICTION

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may consider a writ of habeas corpus when an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States." Claims related to an immigration detainee's request for release from confinement must be brought as a habeas petition as these "claims fall within the 'core' of the writ of habeas corpus."

---

[2] Respondents submit that the only proper respondent is Jessica Sage because she is the Warden of FCI Lewisburg. (Doc. 6, p. 8.) In this case, consistent with *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004), Petitioner has named the Warden as a respondent. *Padilla*, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent.") Because Petitioner has named a proper respondent, the court does not deem it necessary to determine whether the other named Respondents should be dismissed.

*Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 167 (2022)). Jurisdiction for "core habeas petitions . . . lies in only one district: the district of confinement." *Id.* (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)) (internal quotations omitted). Sagastume-Diaz is detained at FCI Lewisburg, which is within the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b).

## DISCUSSION

Sagastume-Diaz argues that his detention violates Section 1231 of the INA, Section 241.13 of the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment.[3] (Docs. 1, 8.) Sagastume-Diaz asserts that his detention is unreasonably prolonged beyond the presumptively reasonable six-month period in violation of *Zadvydas*, 533 U.S. 678. (Docs. 1, 8.) Sagastume-Diaz requests his immediate release from custody. (Doc. 1, pp. 10–11.)

In opposition, Respondents argue that Sagastume-Diaz is lawfully detained under Section 1231(a). (Doc. 6, pp. 9–12.) Respondents submit that Sagastume-Diaz was re-detained post-removal order as of September 16, 2025, and the stay of his removal order expired when he withdrew his petition for review on November 12, 2025. (*Id.* at 9–10.) The statutory and presumptively reasonable six-month

[3] Sagastume-Diaz appears to set forth a variety of other claims in his petition that are not properly brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Thus, the court will not discuss those claims.

period of removal expired on May 12, 2026. (*Id.* at 10.) Respondents submit that because barely six months have passed, Sagastume-Diaz has not carried his burden of establishing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. (*Id.*)

Section 1231(a) "governs the detention, release, and removal of individuals 'ordered removed.'" *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). Section 1231(a)(1)(A) provides that, following entry of a final order of removal, the United States generally must effectuate the noncitizen's removal during a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). The "removal period" starts on the latest of the following: (1) the date when the order of removal becomes administratively final (that is, appeal to the Board of Immigration Appeals was either taken and ruled upon or the time to appeal expired); (2) if the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order; or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from confinement. *See id.* § 1231(a)(1)(B).

Detention is mandatory during this first 90 days. *Id.* § 1231(a)(2) ("During the removal period, the Attorney General *shall* detain the alien." (emphasis added)). Following expiration of the 90-day removal period, certain noncitizens "may" be detained. *Arteaga-Martinez*, 596 U.S. at 578–79 (quoting 8 U.S.C.

§ 1231(a)(6)). How long a noncitizen may be detained pursuant to Section 1231(a)(6) following the 90-day removal period has been the subject of considerable litigation.

In *Zadvydas*, the Supreme Court held that Section 1231(a)(6) "does not permit indefinite detention," but rather "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. According to *Zadvydas*, a period reasonably necessary to bring about a noncitizen's removal from the United States is presumptively six months. *Id.* at 701. Thus, noncitizens detained under Section 1231(a)(6) past the six-month presumptively-constitutional period may bring a due process challenge to their continued detention should that detention become prolonged and potentially unlawful. *See Zadvydas*, 533 U.S. at 699–701. If the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701; *see also* 8 C.F.R. §§ 241.4, 241.13 (establishing agency procedures for determining whether noncitizens detained under 1231(a) past 90-day removal period should be released on supervision or remain in detention). The determination of what constitutes the reasonably foreseeable future shrinks as the period of confinement increases. *Id.*

Here, Sagastume-Diaz's removal order became final, and the presumptively reasonable six-month period began on November 12, 2025. Thus, Sagastume-Diaz has been detained for approximately ten months. The court acknowledges that this exceeds the presumptively-constitutional period, but finds that Sagastume-Diaz fails to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Sagastume-Diaz has not identified any reason–other than removal has not yet occurred–to believe he will not be removed in the reasonably foreseeable future. And Respondents have indicated that Sagastume-Diaz remains on the list to be removed to Mexico and that other detainees have recently been transferred for staging for removal. (*See* Doc. 6-2, p. 3.) Accordingly, the court will deny Sagastume-Diaz's petition.

## CONCLUSION

For these reasons, the court will deny Sagastume-Diaz's petition for writ of habeas corpus. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 10, 2026